ESTHER ENTRIALGO *vs.* TWIN CITY DODGE, INC. & another. August 20, 1975. The plaintiff purchased a used car from Twin City Dodge, Inc. (Twin City), on August 23, 1972, and signed a "Retail Instalment Contract — Security Agreement — Disclosure Statement." The contract was assigned to the Worcester County National Bank. The contract did not disclose the annual percentage rate of the finance charge and was not signed by either defendant. Subsequently, the plaintiff sent a G. L. c. 93A, § 9 (3), demand letter to Twin City alleging generally that the car was defective; the deceptive trade practice claimed was that representations had been made which had deceptively influenced the plaintiff to purchase the car. The demand letter was not answered and suit under G. L. c. 93A, § 9, was commenced. The complaint alleged deceptive misrepresentation, a breach of warranties under G. L. c. 106, §§ 2-314, 2-316A, and further alleged violations of certain Truth-in-Lending

statutes, specifically G. L. c. 255B and G. L. c. 140C. The matter was tried to a master; the master found violations of the credit disclosure statutes in the failure to disclose the annual rate of interest and the lack of signatures to the contract. However, the master found no evidence of fraud or misrepresentation and in a supplemental summary of the evidence stated that there was no evidence to indicate a breach of warranty at the time of sale. The plaintiff moved for a recommittal of the report to the master for the taking of further evidence and for an additional summary of evidence with respect to defects discovered after the date of the sale. The Superior Court judge refused to recommit, confirmed the report and dismissed the bill of complaint. We affirm. First, with respect to the credit disclosure violations, no relief is available under G. L. c. 93A because of the failure to complain of this practice in the c. 93A, § 9 (3), demand letter. A demand letter listing the specific deceptive practices claimed is a prerequisite to suit and as a special element must be alleged and proved. *Slaney* v. *Westwood Auto, Inc.* 366 Mass. 688, 704-705 (1975). The purpose of the demand letter is to facilitate the settlement and damage assessment aspects of c. 93A and as such the letter and notice therein is a procedural requirement the absence of which is a bar to suit. *Ibid.* Second, with respect to the motion to recommit for the taking of and summary of additional evidence, it is clear that this is ordinarily a matter within the discretion of the trial judge. See *Shaw* v. *United Cape Cod Cranberry Co.* 332 Mass. 675, 680 (1955), and cases cited therein. Given that the master originally stated that there was no evidence presented before him to support a finding that the car was in fact defective when purchased, the refusal to recommit was clearly not an abuse of discretion. Contrary to the plaintiff's claim it appears that the master did consider subsequent problems with the car but did not find evidence that these problems were attributable to defects existing at the time of purchase.

*Decrees affirmed.*

*Francis D. Morrison & Jeffrey M. Friedman* for the plaintiff.
*John W. Connors* for Worcester County National Bank.
*Kendall Burford* for Twin City Dodge, Inc.