**Donna KLEIN**
vs.
**Daniel BYCHEK**

**No. 133991**

Superior Court/Norfolk, ss.
Commonwealth of Massachusetts

**January 17, 1983**

**Robert Zozula,** counsel for plaintiff.
**Cornelius J. Sullivan,** counsel for defendant.

## MEMORANDUM OF OPINION AND ORDER FOR JUDGMENT

This matter came on for hearing before the court on the defendant's motion for summary judgment. After careful review of the briefs and exhibits, this court is of the opinion that summary judgment is appropriate in this case for the following reasons:

### FACTS

Daniel Bychek, the defendant, is the owner of a five-unit brick apartment building and land located at 82 Fuller Street, Brookline, Massachusetts. On January 20, 1981, the plaintiff, a real estate broker, offered to purchase this property from the defendant for the sum of one hundred forty-five thousand ($145,000) dollars. The defendant accepted her offer and a one thousand ($1,000) dollar deposit on that same date. On February 11, 1981, the plaintiff gave the defendant an additional five thousand ($5,000) deposit and they both signed a purchase and sale agreement which pro-

vided, in part, as follows:

"This agreement is subject to the BUYER or her nominee obtaining a bank or other accredited lending institution first mortgage commitment in the amount of Eighty-six Thousand ($86,000.00) Dollars at prevailing interest rates on or before March 23, 1981. If the BUYER is unable to obtain said financing, all deposits made hereunder shall be refunded to the BUYER and this agreement shall be null and void without recourse of the parties hereto".

Prior to the expiration of the time stated in the purchase and sale agreement for the plaintiff to obtain a mortgage, she applied for a mortgage at two banks: the Brookline Savings Bank and the Bay State Federal Savings & Loan. Appraisers from both banks, however, were denied access to inspect two apartments in the building by the tenants of those apartments. The appraisers informed the plaintiff that they would be unable to inspect the entire building. The plaintiff informed the defendant of the circumstances and requested that he extend the time stated in the purchase and sale agreement for obtaining a mortgage commitment.

The defendant repeatedly requested that the tenants allow the appraisers to inspect the apartments and finally, on March 18, 1981, the attorney for the defendant wrote to the two tenants and had the letters served by a constable. The letters requested access to the apartments on either Friday, March 20, 1981 or Monday, March 23, 1981, for the purpose of a bank appraisal. Additionally, the tenants were warned that failure to reply to the letters within 24 hours of receipt would result in action before the Brookline Rent Control Board. In response to the letters, one tenant sent a copy of a letter signed by two physicians, dated March 11, 1981, which explained that the tenant had a "severe chronic heart condition which can be aggravated as a result of anxiety and emotional stress." The letter continued to relate that when the tenant was informed of the potential eviction proceedings his anxiety level increased greatly which "led to an emergency medical visit for his cardiac condition." The second tenant also sent a copy of a letter from her doctor, similarly describing the negative effects of stress upon her medical condition.

The defendant declined to extend the date for obtaining a mortgage beyond March 23, 1981 and returned the six thousand ($6,000) dollar deposit to the plaintiff. Plaintiff filed suit in this court on July 17, 1981 requesting specific performance of the purchase and sale agreement, damages, and relief under Mass. G.L. c. 93A.

## DISCUSSION

To avoid summary judgment, the opposing party cannot rely on her pleadings and bald assumptions, but "must set forth specific facts showing that there is a genuine issue for trial." Mass. R. Civ. P. 56 (c); **United States Trust Co. of New York** v. **Herriott,** Mass. App. Ct. Adv. Sh. (1980) 1455, 1459. A mere allegation that a conspiracy existed between the defendant and the tenants in this case is, therefore, not enough to meet the plaintiff's burden. Consequently, she has failed to demonstrate the existence of a triable issue of fact on conspiracy. As a result, the sole question before the court involves an interpretation of the language in the mortgage provision of the purchase and sale agreement.

The interpretation of language used in a contract is usually a question of law for the court. **Edmonds** v. **United States,** 642 F.2d 877, 881 (1st Cir. 1981); **Freelander** v. **G. & K. Realty Corporation,** 357 Mass. 512, 516 (1970). Factual issues exist only when the language of the contract is ambiguous. **Edmonds** v. **United States, supra** at 881. In the present case the words in the mortgage provision are clear and unambiguous. Consequently no material facts are in issue and summary judgment

239

is appropriate.

The language in the purchase and sale agreement clearly conditioned the sale of the property upon the procurement of a mortgage by the buyer by March 23, 1981. It is reasonable to interpret that provision as subject to an implied condition that the seller use his best efforts to afford the buyer access to the entire building for the purposes of a bank inspection. See **Williston, Contracts** sec. 887 (3d ed. 1962). Under the facts and circumstances of this case, this court is of the opinion that the seller did use his best efforts to allow a bank inspection during the allotted time period. As a result, the purchase and sale agreement became null and void upon the buyer's failure to obtain a mortgage by the designated date. Consequently, no valid contract exists for the court to specifically enforce and no breach has occurred for which the court could award damages.

There is also no relief available to the plaintiff under Mass. G.L. c. 93A. She has failed to allege that a demand letter was sent to the defendant at least 30 days before commencing suit and as a result, suit is barred by Mass. G.L. c. 93A sec. 9(3). See **Slanev** v. **Westwood Auto, Inc.,** 366 Mass. 688, 704 (1975); **Entrialgo** v. **Twin City Dodge, Inc.,** (rescript opinion) 368 Mass. 812, 813 (1975).

## ORDER

It is therefore ORDERED that defendant's motion for summary judgment be ALLOWED.

By the Court,

**William G. Young**
**Justice of the Superior Court**