Black, J.
This is a civil action remanded from the Norfolk Superior Court, in which the plaintiff, Charles F. Stark, seeks to recover from Patalano Ford Sales, Inc., and Ford Motor Company, damages for breach of contract, breach of warranties of merchantability and fitness and violation of G. L. c. 93A. The *161 original action was brought against Patalano Ford Sales, Inc., which answered, in part by way of general denial of liability. Ford Motor Company was later added as a defendant, and sought to have this action against it dismissed as having been untimely brought and barred by the statute of limitations. Ford Motor Company’s motion to dismiss was denied. After trial, ithe court, inter alia, found for the plaintiff against Ford Motor Company on its c. 93A action Count XII) and assessed attorney’s fees of $10,925.50 and double damages amounting to $10,000.00. The defendant, Ford Motor Company, now seeks appellate review of the denial of its motion to dismiss the c. 93A count.
Essentially, it appears that the plaintiff purchased a 1978 Ford F-250 pickup truck (“the truck”) manufactured by Ford Motor Company from Patalano Ford Sales, Inc., (“Patalano”) for $9,327.00. The truck had Ford’s “12 month/12,000 mile” warranty, limited to repair, replacement or adjustment of certain items found to be defective in factory materials or workmanship. Patalano Ford was Ford’s authorized agent for performing such warranty repairs and, in this case, with Ford’s approval continued to perform warranty repairs past the original expiration date of January, 1980.
On or about April 18, 1980, the plaintiff mailed'a G. L. c. 93A letter to Patalano claiming various defects in the truck. Patalano responded to that demand letter by correspondence dated May 1, 1980. On June 2, 1980, the plaintiff filed his original complaint solely against Patalano in one count for relief under G. L. c. 93A. The plaintiffs demand letter to Patalano showed that a carbon copy of that letter was sent to the Customer Relations Office of Ford Motor Company located in Waltham, Massachusetts. The record also shows that the plaintiff visited Ford’s Customer Relations Office at Dearborn, Michigan, in July of 1979, at which time he registered warranty complaints. Ford apparently launched an investigation of the complaint in an effort to determine whether the complaints were correct and, if so, what action by Patalano could satisfy the consumer.
The plaintiff sent its first G. L. c. 93A demand letter addressed to Ford Motor Company at its Waltham, Massachusetts office on January 23, 1984. Ford responded by letter dated February 10,1984. On June 27,1984, the plaintiff filed an amended complaint seeking to add Ford as a defendant and charging Ford with breaches of express warranty, warranties of merchantability and fitness, as well as violation of G. L. c. 93A. The plaintiffs motion for leave to amend its complaint to add Ford was allowed without notice having first been given to Ford. In its answer to the amended complaint, Ford raised inter alia the affirmative defense of expiration of the limitations period applicable to the G. L. c. 93A claim.
At the hearing on its motion to dismiss, Ford submitted an affidavit to the effect that Patalano was, at all times relevant, an independently owned and operated automobile dealership and that Ford and Patalano were not principal and agent. At the conclusion of the hearing on the motion to dismiss, the court took the matter under advisement and the case was heard on the merits. By its decision of May 23, 1986, the court ruled against Ford on its motion to dismiss and entered judgment, as previously indicated.
The appellate record indicates that the trial judge conducted a lengthy hearing and that he carefully reviewed all of the evidence, following which he made extensive written findings of fact. Based upon the report, briefs and oral arguments, however, a single issue has been framed for appellate review, namely, whether failure of the plaintiff to send a G. L. c. 93A letter to the defendant, Ford within the four year statute of limitations is fatal to the c. 93A action against Ford. We conclude that it is and that the motion to dismiss *162 should have been allowed.
Factually, it is not disputed that the plaintiff purchased the truck from Patalano on August 25,1978, and that he took delivery on that date. It is also clear that the truck had a 12 month/12,000 mile warranty, limited to repair, replacement or adjustment of certain items found to be defective in factory materials or workmanship. Therefore, a pivotal question is when did the plaintiffs cause of action “accrue.” In this connection, G. L. c. 106, §2-725, provides pertinently:
(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party’s lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.... (emphasis supplied).
Consequently, the latest date as to which the plaintiffs cause of action could have “accrued” appears to have been August 25,1979, the date the warranty expired. Although the report indicates that Ford continued to make warranty repairs “past the original expiration date until January of 1980,” the report contains nothing that would suggest a finding by the trial judge to the effect that the warranties were in any way extended beyond their original expiration date.
As to the G. L. c. 93A demand letter to Ford, the record is clear that the letter was dated January 23,1984, well beyond the four-year statute of limitations specified by G. L. c. 260, § 5A. While the 93A letter sent to Patalano shows that a copy of that letter was forwarded to Ford, there is nothing in the record to indicate that this was determined by the trial judge to be service upon Ford. (Constructive service is probably not adequate). In any event, it seems uncontroverted that the January 23, 1984 letter is the only document regarded by either of the parties as sufficient to comply with the requirements of the specific notice requirements of G. L. c. 93A as to Ford. In light of G. L. c. 93A, §9, this is probably true. The plaintiff, both in his brief and in oral argument relies solely on Mass. Dist./Mun. Cts. R. Civ. P. Rule 15(c) as grounds for proper allowance of its amendment of the complaint to include Ford after expiration of the four-year statute of limitations, citing the so-called “relation back” doctrine. The plaintiff points out this although the Massachusetts rule is predicated upon FRCP 15(c), it is more liberal than its Federal counterpart and cites Wadsworth v. Boston Gas Company, 352 Mass. 86, 88-89 (1967) for the proposition that a complaint may be amended to include additional parties even after the running of the statute of limitations. (See Johnson v. Carroll, 272 Mass. 134, 138 (1930); Peterson v. Cadogan, 313 Mass. 133, 134 (1943); see also, 28 ALR Fed. 129 (1976); P. Kober, Relation Back Doctrine, 25 Boston Bar Journal 7 (September, 1981); 27 Fed. Pro., L.Ed 62:347). While we do not disagree with the plaintiffs assertions as correctly stating a general proposition of law, we believe that the plaintiff overlooks the fact that the case law also holds that c. 93A demand letter[2] is a condition precedent to the commencement of a c. 93A action under § 9(3). In other words, the plaintiff in a 93A action must allege and prove that a written demand for relief was made as a prerequisite to commencement of suit. (See, Entrialgo v. Twin City Dodge, *163 Inc., 368 Mass. 812 (1975); York v. Sullivan, 369 Mass. 157 (1975)). It is jurisdictional in nature. (See, Ferro v. Sears, Roebuck & Co., U.S. Dist. Ct., Dist. Ma. Civil Action No. 84-1822C; Vasys v. Metropolitan District Commission, 387 Mass. 51 (1982)).
Because the letter and intent of c. 93A, §9(3) requires that mailing or delivery of a claimant’s letter precede by at least thirty days the commencement of any action against the prospective respondent identified in that letter, and since the plaintiff failed to serve a demand letter upon Ford, naming Ford as a prospective respondent to a possible c. 93A action until January 26,1984, the earliest date as of which an action could be commenced against Ford would have been on or about February 25,1984, a date well beyond the time when the four year statute of limitations specified in c. 260, §5A elapsed. The so-called “relation back” doctrine would allow the amendment adding Ford to relate back to February 25, 1984, but in our opinion it could not “relate back” to a point before which the plaintiff could have brought his action against Ford. Therefore, the action against Ford was commenced well after the expiration of the period specified in the statute of limitations.
Accordingly, the denial of Ford’s motion to dismiss is vacated and the judgment against Ford as to the c. 93A count is set aside. An order allowing Ford’s motion to dismiss the c. 93A action against it is hereby entered.

 G. L. c. 93A, §9 reads, in pertinent part, as follows: “At least thirty days prior to the filing of any - such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.” G. L. c. 93A, §9(3) (emphasis supplied).