Shubow, J.
This case is before us a second time[1] presenting now thé single question of whether the claim letter sent pursuant to G.L.c. 93A, § 9(3), was adequate to satisfy the statutory precondition for recovery of multiple damages and attorney’s fees. We rule that the trial judge erred in concluding the letter, even under all the surrounding circumstances, was legally sufficient and return the case to him for redetermination of damages without reference to G.L.C. 93A.
The conduct described by the trial judge as constituting unfair and deceptive practices, which for the purpose of this review at least is not denied by the corporate defendant,[2] was especially flagrant. Included, according to the Report, was failure to reveal that the odometer reading on the secondhand motor vehicle sold was inaccurate, and that the vehicle had been damaged during an accident. Compounding this, the defendant “also caused a wheel to be damaged with a hammer during a period of time when the vehicle was returned to it in an attempt to make it seem that the [p]laintiff had been involved in an accident.”
The full text of the plaintiffs demand letter, under the statute, was as follows:
November 26,1983
Auto Super Mart, Inc.
500 Brockton Avenue
Abington, Ma. 02351
To Whom It May Concern:
I have been retained by Mr. Robert E. MacKenzie of 73 Goddard St., Quincy, Massachusetts relative to a 1978 Chevrolet he bought from you on May 5,1983.1 have had extensive conversations with him and in reviewing the evidence he has given me it appears that you and or your company has acted in bad faith, unreasonably and have violated Mass. General Laws, Chapter 93A.
It appears that my client cooperated in every way and attempted to do everything humanly possible to resolve a very serious breach of warranties that you are obliged to honor.
*6 Please be advised that if there is not a serious effort to resolve this problem I will bring a suit under Massachusetts General Laws, Chapter 93A and ask for punitive damages, triple damages and attorneys fees.
I would appreciate it if you or your attorney would call me immediately.
The trial judge ruled as follows:
While looking at the exhibit without taking into account the context in which it was written it would appear to be rather thin on details of the Defendants misconduct. However, in light of the discussions, which preceded the letter and the actions of the Defendants it is clear that the issues were understood. Further the letter specifically invokes the statute by reference and further refers to treble damages so that the recipient could hardly have failed to recognize that it was dealing in the high stakes of potential treble damages (sic).
Given the unconscionable behavior found by the judge we understand his effort to give as permissive a reading as was lawful to the effort of counsel for the plaintiff, inept though it was, to implement the remedial purposes of Chapter 93A for the sake of his client and for the sake of inhibiting unfair dealing in the marketplace. Nevertheless, we are constrained both by the words and purposes of the statute as discussed in a steady series of precedents, to hold that the effort has failed.
The statute requires, as a condition precedent to bringing an action, that “At least thirty days prior to the filing of .any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.” (Emphasis supplied.) It is apparent that the plaintiffs letter neither describes “the unfair or deceptive act” relied on nor the injury suffered. Moreover, in asking for relief different than that contemplated, by the statute, namely a written tender of settlement within thirty days, the plaintiff may well have further encouraged the resulting inaction of the defendant.
It' is now established that the demand letter listing the specific deceptive practices claimed is a prerequisite to suit and must be alleged and proved. Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975). Cf. York v. Sullivan, 369 Mass. 157, 163 (1975). ‘The purposes of the letter are twofold: (1) ‘to encourage negotiation and settlement by notifying prospective defendants of claims arising from allegedly unlawful conduct’ and (2) ‘to operate as a control on the amount of damages which the complainant can ultimately reed ver.’ ” Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 288 (1985). Under the legislative design, even a wilful violator is to begiven the opportunity to avoid litigation by making a reasonable settlement offer. See International Fidelity Ins. Co. v. Wilson, 387 Mass. 841 (1983). The reasonableness of a settlement offer cannot be tested without measuring it against defined injuries. See Calimlim v. Foreign Car Center, Inc., 392 Mass. 228, 234 (1984). See also, ALPERIN AND CHASE, CONSUMER LAW, § 134 (1986), and ALPERIN AND CHASE, CONSUMER RIGHTS AND REMEDIES, Mass. Practice Series, § 128 (1979). Notice provisions as a means of affording defendants opportunities to investigate and make offers that may obviate litigation are a time-tested feature of our tort law. See G.L.c. 84, § 18, dealing with defects in public ways and G.L.c. 258A dealing with -tortious behavior of public *7 employees, §§ 4 and 5.
If failure to send any demand letter is fatal to a claim (Boston v. Aetna Life Ins. Co., 399 Mass. 569, 574 [1987]), it is only logical that a demand letter which fails to provide a basis for accomplishing the purposes of such a letter should likewise prevent recovery. See Cassano v. Gogos, 20 Mass. App. Ct. 348 (1985). While the demand letter in this case satisfied the Gogos requirement as to an express reference to 93A and the “heavy artillery” of multiple damages, it did not begin to measure up to the letter otherwise found wanting in Gogos in the specificity of the grievances presented. See Gogos, supra, n. 3 at p. 350. As Gogos warns, “If consumers assert insufficient express demands, they will lose an opportunity to stimulate productive settlements” (at p. 351).
As defendant’s counsel argues,[3] York v. Sullivan, 369 Mass. 157 (1973), or Brandt v. Olympic Construction, Inc., 16 Mass. App. Ct. 913 (1983), both of which approved of demand letters which were attacked as wanting in one respect or another, afford little aid to the plaintiff. In each of those cases, the letter was held to be specific enough to serve the underlying goal which such demand letters are intended to serve.
When a party seeks multiple damages, he is pursuing a public goal that transcends his own entitlement to be made whole for another!s wrong-doing. In that situation, he is a private attorney general and must be held to the strict standards set forth in the statute authorizing him to pursue a public goal. This is essential teaching of the cases requiring that demánd letters conform with the letter, and spirit, of the statute.
Nothing in this, reversal of the plaintiffs recovery under 93A liiilitates against compensating him for contract claims he has asserted, and apparently proven, outside the reach of G.L.C.93A. The Report simply states ‘This is’ an action for breach of contract and a Chapter 93A Complaint... ” (p: 1). Prom the record before this division, this division is unable to determine what multiple of damages, if any, was awarded plaintiff on the Chapter 93A complaint. This division is also unable to determine the actual damages found by the trial court to have been incurred by the plaintiff.
For the. reasons stated, the judgment in favor of the plaintiff under G.L. c. 93A is vacated and the case remanded to the trial court to record the actual damages found to have been incurred by the plaintiff, and to award that amount to the plaintiff on his contract claim. -

 See MacKenzie v. Auto Supermart, Inc., et al, 1986 Mass. App. Div. 165.

 The irtdivid ual defendants have been found not liable because they are determined to be agents of a disclosed principal.

 No brief has been filed on behalf of the plaintiff.