Dolan, PJ.
In this action, the plaintiffs, purchasers, seek to review the trial judge’s ruling that the defendants, listing broker and real estate firm, owed no duty to transmit plaintiffs’ offer to purchase certain real estate to the sellers.
OnJuly26,1987, plaintiffs Stephen Maclnnis and Catherine Maclnnis (“Maclnnis”) delivered a $1,000 check and a written offer to purchase real estate known as Lot B, Island Road in Millis to defendant Bay State Realty, a real estate firm owned by defendant and listing broker Jeffrey Germagian (“Germagian”). The office manager of Bay State Realty told Maclnnis that Germagian would receive the offer upon his return from vacation and contact them in early August At that time, all parties knew that the real estate was subject to an existing purchase and sale agreement for $100,000, expiring on August 6,1987.
When the existing agreement expired, defendant Germagian did notdeliver the plaintiffs’ offer to the sellers, but entered into his own purchase and sale agreement with the sellers on August 14,1987. Whereas the plaintiffs’ offer in the amount of $110,000 had a condition that the real estate be “buildable” and provided for a broker’s commission, Germagian’s purchase and sale agreement in the amount of $100,000 did not contain either of those provisions.[3] On August 28,1987, the plaintiffs learned of Germagian’s agreement and, thereafter, intervened and negotiated a purchase and sale agreement with the sellers in the amount of $127,000without a condition that the real estate be “buildable.”
This action was brought in the Superior Court Department and remanded to the District Court Department for trial. The Complaint alleges contract and tort claims, as well as violations of G.Lc. 93A. The trial judge found for the defendants, on the contract claim, for the reason that defendants owed no duty to the plaintiffs to transmit their offer to the sellers, and on the tort claim, for the reason that there was no relationship between the plaintiffs and the sellers with which the defendants could interfere. He further found that the plaintiffs suffered no monetary damage.for the *152 reason that the sellers would not have accepted plaintiffs’ offer with the “buildable” condition.
The trial judge found that defendants violated 254 Code Mass. Regs. Sec. 2.05(11), applicable to real estate brokers, which provides that “all offers obtained by brokers or salesmen on any properties listed by them shall be forthwith conveyed to the owner of the real estate.”[4] However, he determined that any liability to be incurred from the violation of that regulation would be to the sellers of the real estate and not any prospective buyers. The trial judge reasoned that there was nothing to prevent the plaintiffs from dealing directly with the sellers.
It is not necessary for this division to determine if liability under this regulation would extend to all prospective buyers because, in the circumstances of this case, the defendants incurred liability by breaching the agreement which they had with the plaintiffs. The defendants, through their office manager, acknowledged receipt of the plaintiffs’ offer and promised that when defendant Germagian returned from his vacation Germagian would receive the offer and contact plaintiff in early August A reasonable person would understand this promise to mean that Germagian would comply with the obligation imposed by law and convey the plaintiffs’ offer to the sellers.[5] See Stop & Shop v. Ganem, 347 Mass 697, 701 (1964). This implied promise is not without consideration because the plaintiffs relinquished the opportunity to present the offer to the sellers directly and the defendants benefitted by not having plaintiffs by-pass them.
The “forbearance” shown by the plaintiffs when they desisted from approaching the sellers directly exhibited the formers’ reliance upon the defendants’ implied promise to transmit the offer to the sellers and, therefore, makes the promise “binding.” Loranger Constr. Corp. v. E.F. Hauserman Co., 376 Mass. 757, 760 (1978). The plaintiffs’ forbearance is “reasonable” and “substantial” in light of 254 Code Mass. Regs. Sec. 2.05(11) and by virtue of the confidence the plaintiffs placed upon the defendants to transmit their offer to the seller. See Loranger, 376 Mass. at 760.
While a broker may not serve two principals whose interest may conflict, there are some situations where a broker may serve two principals. For example, areal estate broker is free to offer the properties of all his principals to a prospective customer. McEvoy v. Ginsberg, 345 Mass. 733, 737 (1963). We see no conflict for a broker in the circumstances of this case and find error in the trial judge’s ruling that defendants owed no duty to plaintiffs to transmit their offer to sellers.
Because plaintiffs did purchase the real estate, their claim for damages is that they paid more than they would have paid if Germagian had not bid against them. Plaintiffs allege that if their offer had been delivered to sellers and rejected because of the “buildable” condition, they would have eliminated that contingency and would have purchased the real estate for their original offer of $110,000. They allege that the $127, OOOpurchase pricewas the result of the sellers learning that both Germagian and plaintiffs were interested in purchasing the real estate, and claim damages of $17,000.
Plaintiffs’ claimfor damages assumes that sellers had no knowledge of Germagian’s interest in their real estate prior to the date of plaintiffs’ offer, that Germagian would not have advised sellers of his interest if he had delivered plaintiffs’ offer to them, and that sellers would have accepted plaintiffs’ offer of $110,000, with a real estate commission, without further negotiation of price. However, nothing prevented *153 Germagian from both delivering plaintiffs’ offer and making one of his own.[6]
The damages in this case appear speculative. A plaintiff cannot recover for “speculative” or “conjectural” damages although his legal rights have been “violated”. Watts v. American Bond & Mortgage Co., 260 Mass. 599, 613-614 (1927); See also Chemwa County Golf, Inc. v. Wnuk, 9 Mass. App. Ct. 506, 510 (1980). We find no error in the trial judge’s finding that plaintiffs did not prove damages. A plaintiff in such circumstances is still entitled to nominal damages. Godin v. Niebuhr, 236 Mass. 35, 353 (1920).
Plaintiffs claim under G.Lc. 93A would not be defeated because of speculative damages. If a court finds liability under c. 93A, recovery would be at least $25, and reasonable attorneys’ fees would be assessed. However, in this case, this division cannot determine from the report if the plaintiffs satisfied the precondition to filing a c. 93A action, that written demand for relief be sentto “any prospective respondents.” Afailureto send a demand letter bars a suit under c. 93A. Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975). The report does not contain the necessary evidence to determine if prejudicial error occurred on the c. 93A claim.
The finding for the defendants on the contract claims are reversed and judgment is to enter for the plaintiffs on those claims, with nominal damages of one ($1.00) dollar. The findings for the defendants on all other counts are affirmed.

 The real estate became “buildable” on December 2,1987 when a variance was granted for the real estate.

 Regulations published in the Code of Massachusetts Regulations are as binding upon a court as a statute if it is within the granted power. Niles v. Boston Rent Control Admin’r, 6 Mass. App. Ct. 135, 149 (1978).

 RESTATEMENT OF CONTRACTS 2d, §243 provides that an interpretation of a contract which gives a reasonable, lawful and effective meaning to all of the terms is preferable to an interpretation which leaves a part unreasonable, unlawful or of no effect

 254 CMR Sec. 205(3) requires only that a real estate broker or salesman, when buying for himself property listed with him, firstmakefull disclosure thereof and obtain the acknowledgement of such disclosure by the owner.