Borenstein, J.
The plaintiff, Brenda Simpson (hereinafter Simpson), brought this action against defendant, Liberty Mutual Insurance Company (hereinafter Liberty), seeking recovery for unfair and deceptive trade practices in violation of G.L.c. 93A and 176D. Liberty has now moved pursuant to Mass.R.Civ.P. 56 for summary judgment. Liberty contends that, as a matter of law, the plaintiffs action is barred by G.L.c. 176D, §9(3). For the following reasons, the defendant’s motion for summary judgment is granted.
BACKGROUND
The plaintiff contends that on October 14, 1989 she was injured in an automobile accident caused by Mr. David Hayes. Hayes was insured by Liberty for $10,000 per person and $20,000 per accident. Simpson was the passenger in a car driven by her father, Mark Higginbotham. Liberty settled with Mr. Higginbotham for the policy limit of $10,000.
Subsequently, on December 17, 1991, plaintiff made a demand for over $66,000. The defendant responded in February 1992 with an offer of $6,500. Shortly thereafter, the plaintiff filed a G.L.c. 93A demand letter. Negotiations continued, during which the defendant increased its offer to $9,600. After this action was filed, plaintiff settled with the defendant for the policy limit of $10,000. The plaintiff contends that the defendant acted in bad faith when it initially failed to offer the policy limit of $10,000.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving pariy bears the burden of affirmatively demonstrating the absence of a triable issue, "and [further] that the moving pariy is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the pariy opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material face in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” Lalonde v. Eissner, 405 Mass. 207-09 (1989).
In the instant case, the plaintiff asserts that the defendant acted in bad faith when it initially failed to offer the policy limit during the course of negotiations. G.L.c. 93A requires the plaintiff to specify facts setting forth the alleged unfair or deceptive acts or practices. Specifically, G.L.c. 93A, §9(3) requires “a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered . . .” As a matter of law, the required demand letter must contain a specific description of the defendants’ alleged deceptive acts. Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975). The absence of such a description “is a bar to suit." Id.
In its demand letter dated February 25, 1992, the plaintiff merely asserts the conclusion that Liberty’s failure to initially offer a large settlement was in bad faith. The letter, however, does not describe a failure to conduct a reasonable investigation, nor does it describe a failure to effectuate prompt, fair, and equitable settlement of the claim. In fact, the letter does not describe any unfair or deceptive act. It simply concludes that the defendant acted in bad faith and proceeds to summarize some of the requirements of G.L.c. 176D, §9.
The plaintiff does not offer a specific description of alleged deceptive acts prior to the required demand letter. All of the defendant’s offers to settle, except the initial offer of $6,500, occurred after the plaintiff had filed the demand letter. Put simply, there are no genuine issues of material fact in this case because the plaintiff has failed to allege any in its demand letter. Therefore, as a matter of law, specifically G.L.c. 93A, §9(3), the plaintiffs action is barred.
ORDER
For the foregoing reasons, it is ORDERED that the defendants’ motion for summary judgment be and hereby is GRANTED.