Brennan J.
This case presents an appeal by Grand National Auto Sales, Inc., William Douglas and Valerie Douglas, individually and as owners, and Rufino Perez (hereinafter, defendants) from a finding for Emerson Vila (hereinafter, the plaintiff) for treble damages arising out of the sale of a used motor vehicle.
Defendants, Grand National Auto Sales and Douglas and Valerie Douglas, sought to admit a purported “affidavit” of co-defendant, Rufino Perez, who was not *162 present at trial.
Perez’ statement essentially absolved co-defendants from any and all liability. The court did not admit the affidavit as an exhibit. Defendants assert that the affidavit should have been considered a declaration against interest under an exception to the hearsay rule. Defendants assert that it was error for the judge not to admit the statement. It is well established that “declarations against interest are statements made by witnesses, not parties, to the litigation.” LIACOS, HANDBOOK OF MASSACHUSETTS EVIDENCE 8.10. Clearly, Rufino Perez was a party to the litigation and as such, the statement was properly excluded. To allow the statement in would be to deny plaintiffs rights to cross examination.
Defendant further raises the issue of whether the judge should have found William and Valerie Douglas liable as individuals. As support for his contentions defendant raises factual issues allegedly raised at trial. The appellate division does not review findings of fact and, as such we conclude that absent a showing of abuse of discretion the judge’s finding must be affirmed.
The third issue raised by defendant is whether the court erred in its finding that William and Valerie Douglas committed an unfair and deceptive practice under M.G.L. chapter 93A, sections 2 and 9. Defendant claims to be aggrieved by the judge’s response to certain requests for rulings.
Specifically, defendant cites error in the following findings:
4. The evidence warrants a finding that defendant Grand National Auto Sales, Inc. never received a copy of the so-called 93A Demand Letter.
R4. Allowed
13. The evidence warrants a finding that the Defendants’ possessed knowledge or reason to know after receipt of the 93A demand letter and it is this knowledge coupled with the failure to respond that permits recover (sic) of double or triple damages against defendant.
F13. Denied as to the defendants’ receipt of notice.
Section 93A, See 9(3) provides:
(3) At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.
The demand letter listing the specific deceptive practices claimed must be alleged and proved for a suit to prevail. Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812 (1975).
The courts have held that the purposes of the demand letters are:
1. To encourage negotiation and settlement by notifying prospective defendants of claims arising from allegedly unlawful conduct and;
2. To operate as a contract on the amount of damages which the complainant can ultimately recover.
Spring v. Geriatric Authority of Holyoke, 394 Mass. 274.
From the record before us it appears that the plaintiff did not comply with the demand requirements of G.L.c. 93A. For this reason, the judgment awarding treble damages is vacated and the case is remanded to the trial court for a redetermi-nation of damages.