Greco, J.
This is Dist./Mun. Cts. R. A. D. A, Rule 8C appeal by defendant Norman B. Watt Associates from a judgment for the plaintiffs in the amount of $71,998.93 on their G.Lc. 93A claim.[2] The defendant argues that the trial court erred: 1) in finding a violation of G.Lc. 93A despite the absence of a sufficient demand letter; 2) in awarding damages on a claim neither pleaded, nor argued, by the plaintiffs; and 3) in “imposing liability under Chapter 93A based on inference. and in the absence of any direct proof.” Because we agree that the plaintiffs’ demand letter was defective, we reverse the judgment below.
The parties’ dispute arose out of the plaintiffs’ purchase of a single family house in a “desirable part” of Brookline. The defendant was the listing broker for the property. The plaintiffs alleged in their complaint that before the purchase, they asked the broker employed by the defendant whether there were any existing, plans to develop a vacant lot across the street; that the broker replied that she knew of no such plans, even though she was aware of plans to build a nine-story apartment building on the lot; that the broker made this misrepresentation to induce the plaintiffs to purchase the property; that the plaintiffs would not have completed the purchase if they had known of the proposed development; and that after more than two years of continuous construction activity, the apartment building with its attendant garage, pool and patio was in fact completed.
The complaint states only one cause of action; namely, that the broker’s false representation was an unfair and deceptive act which violated G.Lc. 93A, §9. With respect to damages, paragraphs 20 and 21 of the complaint recite:
20. During the course of said construction on the vacant parcel, the plaintiffs suffered structural and other damage to their residence, as a direct and proximate result therefrom, in an amount in excess of $5.000.00.
21. The plaintiffs have suffered additional loss by reason of the false and fraudulent representations of Ms. Simons. As a result of the development of the vacant parcel, the plaintiffs have suffered a diminution in the value of the premises in the amount of $50,000.00.
Consistent with these paragraphs, the complaint demands that judgment be entered for $55,000.00, the “actual damages suffered” by the plaintiffs as a result of the broker’s unfair and deceptive acts.
*22 Prior to suit, plaintiffs’ counsel sent a G.Lc. 93A, §9 demand letter to the defendant. After chronicling the negotiations for the sale, the letter stated:
As of the date hereof, the construction of the apartment building has been completed and, instead of views of trees and estate homes, the primary view from the premises is now that of the rear of a high rise building and parking garage, a swimming pool and a very large concrete patio area. The once private backyard of the premises is now open to direct observation from thirty of the balconies of the apartment building. The tranquility of the neighborhood has been broken by two years of continuous construction activity, including pile driving which caused actual damages to the premises in excess of $5,000.00. If Ms. Simons [the broker] had properly disclosed the then formulated and approved plans for the vacant parcel, Mr. Opert and Ms. Mitchell would not have purchased the premises...
As a result of the foregoing unfair and deceptive acts and practices, Mr. Opert and Ms. Mitchell have suffered a diminution of the value of the premises in the amount of $50,000.00. Indeed, evidence of said diminution can be found in the fact that notwithstanding the recent meteoric rise in the value of Brookline (and greater Boston) real estate, the Brookline assessors raised the assessed value of the premises for Fiscal Year 1986 by only one (1%) percent over the assessed value of the premises for Fiscal Year 1982. Therefore, please consider this letter as my clients demand to be paid the aforesaid amount forthwith...
The trial judge’s written findings of fact and conclusions of law indicate, inter alia, that during the construction of the apartment building, the plaintiffs “had to endure the sounds and effects of construction,” and, in the summer, the additional “noise of people in the [apartment building’s] pool.” In addition, the judge found that the apartments have balconies which overlook the plaintiffs’ property, and that the plaintiffs can see and hear the apartment dwellers when they are on those balconies. The judge concluded that the plaintiffs “suffered a loss of enjoyment of their property as a result of the apartment building,” which loss he valued at $10,000.00.
The trial judge did not, however, assess any amount for actual physical damage to the plaintiffs’ house from the construction of the apartment building. He noted that the plaintiffs had recovered $6,000.00 from the pile driving company. The court also declined to assess any damages for diminution of value. While the judge found that the plaintiffs did “not like being next to the apartment building,” he also found that the value of their property “continue [d] to climb because of its proximity to the Long-wood Mall,” that most prospective buyers would not be concerned about the apartment building, and that the plaintiffs’ property was worth approximately $500,000.00
1. Section 9 of G.Lc. 93A requires a claimant to send to the prospective respondent,
[a]t least thirty days prior to the filing of any such claim, a written demand for relief, identifying the claimant and reasonably describing the unfair and deceptive act or practice relied upon and the injury suffered [emphasis supplied].
The purpose of the demand letter is “to-encourage negotiation and settlement by notifying prospective defendants of claims arising from allegedly unlawful con *23 duct,” and “to operate as a control on the amount of damages which the complainant can ultimately recover.” Slaney v. Westwood Auto, Inc., 366 Mass. 688, 704 (1975). It has been consistently held that a demand letter is a “jurisdictional prerequisite to suit under G.L.c. 93A, §9.” See Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 289 (1985). See also, Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975). “[I]n order to qualify as a written demand under c. 93A, a letter must... defin[e] the injury suffered and the relief sought,” as well as refer to the nature of the claim as one under the consumer protection act. Cassano v. Gogos, 20 Mass. App. Ct. 348, 350 (1985). Further, “[i]f failure to send any demand letter is fatal to a claim ... it is only logical that a demand letter which fails to provide a basis for accomplishing the purposes of such a letter should likewise prevent recovery.” MacKenzie v. Auto Supermart, Inc., 1988 Mass. App. Div. 5, 7.
In the case at bar, the demand letter did not reasonably describe any injury by way of loss of enjoyment of the property. The complaints as to the view and the loss of privacy set forth in the plaintiffs’ demand letter are much too vague to form a basis for a loss of enjoyment claim where no reference is made to loss of enjoyment, and where the complaints are equally consistent with the claim for diminution of value which is specifically mentioned. The demand letter was thus “unlikely to alert a reasonable defendant to the presence of a broader c. 93A attack than that specified.” See Halper v. Demeter, 34 Mass. App. Ct. 299, 303 (1993). Similarly, the defendant would not have been reasonably alerted by the reference to the “tranquility of the neighborhood... [being] broken by two years of continuous construction activity” where that reference is in the same sentence as the specific complaint about the pile driving damages.
Based on the demand letter it received, the defendant had no reason to make an offer of settlement in order to limit any potential damages. As the events at trial confirmed, the plaintiffs would not be able to recover for diminution of value because the value of the property had increased substantially. Moreover, the defendant need not have worried about damages from the blasting because another party’s liability for the same had been settled. The plaintiffs apparently want the defendant to read into the demand letter something they never perceived themselves. Any concern about loss of enjoyment never appeared in the complaint in which the plaintiffs very precisely sought damages for diminution in value and damage to their home. And the plaintiffs were remarkably consistent even after trial. When, after the evidence had closed, the trial judge asked plaintiffs’ counsel what the measure of damages was, counsel simply replied, “diminution in value.”
Engaging in a bit of revisionism, the plaintiffs now point to various parts of the transcript in an effort to show that it should have been apparent all along that loss of enjoyment was at issue. However, the nature of the evidence cannot cure the defects in the demand letter. "While the total judgment in this case exceeded $70,000.00, single damages amounted to only $10,000.00. It cannot be assumed that a demand letter clearly identifying the nature of the injury would not have evoked a reasonable tender of settlement to limit damages to some amount below $10,000.00.
The failure of the demand letter to describe any injury for loss of enjoyment bars any G.L.c. 93A relief for such a claim, including nominal damages of $25.00. A $25.00 award is appropriate in those cases in which the demand letter adequately described an injury, but the court was unable to find any actual damages. See Leardi v. Brown, 394 Mass. 151, 162-163 (1985). In this case, the court did not award damages for injuries described in the demand letter, but instead awarded damages for injuries which were not described. Moreover, the plaintiffs’ complaint set forth a single G.L.c. 93A claim. That failing, there is no underlying claim upon which single damages could be awarded. See Halper v. Demeter, supra, at 307.
Finally, even though the trial judge’s findings may describe an unfair or deceptive act violative of G.L.C. 93A, §2, attorney’s fees may not be awarded under §9(4). *24 That section mandates attorney’s fees where a §2 violation is found, but states that “the court shall deny recovery of attorney’s fees and costs which are incurred after the rejection of a reasonable written offer of settlement made within thirty days of mailmg or delivery” of the demand letter. Thus attorney’s fees are clearly contemplated only for the claim and injury described in the demand letter. If the demand letter was defective because it failed to alert the defendant to his potential exposure, the defendant was deprived of the opportunity either to limit that exposure, or to limit the award of attorney’s fees.
2. Our conclusion with respect to the defect in the demand letter renders it unnecessary to address other grounds for appeal advanced by the defendant. However, we deem it advisable to comment briefly on the defendant’s complaint that damages were awarded herein on a theory not pleaded or argued by the plaintiffs. The following admonition by the Appeals Court is particularly instructive:
Unless a theory of recovery is disclosed in the pleadings or is tried by the express or implied consent of the parties, a court may not base its decision thereon. See Mass. R. Civ. P. 15(b) ... To find implied consent where the pleadings are not amended, it must ‘[a]t least... appear that the parties understood [that] the evidence [was] aimed at the unpleaded issue.’ MBI Motor Co. v. Lotus/East, Inc., 506 F.2d 709, 711 (6th Cir. 1974). As pointed out in Messina v. Scheft, 20 Mass. App. Ct. 945, 946 (1985), ‘serious problems may be created whenever a judge bases a decision on an issue that is not before the court. A party may be effectively foreclosed from presenting any evidence on the very issue that is dispos-itive of the case.’
Harrington-McGill v. Old Mother Hubbard Dog Food Co., 22 Mass. App. Ct. 966, 968 (1986). The plaintiffs in this case filed a motion to conform the pleadings to the evidence, but no action was ever taken upon that motion. Moreover, it is clear from the transcript that the motion to conform was in no way directed to any claim for loss of enjoyment. Instead, the plaintiffs appear to have been asking the court to consider that a claim for negligent representation had been raised by the evidence, and that the plaintiffs should not be limited to the claim for fraudulent representation set forth in their complaint.
In any event, the evidence referred to by the plaintiffs did not make it apparent that they were seeking damages for loss of enjoyment. In most instances, the testimony was directly relevant to diminution in value. See, e.g., Appendix Vol. II, pp. 335, 339-340 and 342. Mr. Opert did testify about the debris and noise caused by the construction workers. Appendix Vol. II, pp. 227-279. It would be unreasonable, however, to conclude that the defendant understood that this testimony was aimed at a loss of enjoyment claim, much less that the defendant consented to a trial on that theory. In further answer to the same question, Mr. Opert testified about the impact of the pile driving on his house; to wit, cracks in door and window casings and wood molding. His subsequent testimony about loss of privacy would have been relevant to both loss of enjoyment and diminution in value. Accordingly, no significance should be given to the defendant’s failure to object.
The judgment for the plaintiffs is hereby vacated. Judgment is to be entered for the defendant.

The award consists of single damages in the amount of $10,000.00, which were tripled, $618.93 in costs and $41,380.00 in attorney’s fees.