Willie HAMILTON, Debtor.

Willie Hamilton, Plaintiff–Appellant,

v.

Ralph Appolon, d/b/a Providence Financial Group, Providence Financial Group, Inc., and Epoch Realty, LLC, Defendants–Appellees.

BAP No. MB 08–049.
Bankruptcy No. 04–10133–JNF.
Adversary No. 07–01060–JNF.

United States Bankruptcy Appellate Panel of the First Circuit.

Jan. 21, 2009.

David G. Baker, Charlestown, MA, on brief for Plaintiff–Appellant.

Robert W. Stowe, Boston, MA, on brief for Defendants–Appellees.

Before HAINES, KORNREICH and TESTER, U.S. Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

Candace Hamilton ("Hamilton"), administratrix of the late chapter 13 debtor Willie Hamilton (the "Debtor"), appeals the bankruptcy court's dismissal of the adversary proceeding the Debtor initiated against Ralph Appolon, d/b/a Providence Financial Group; Providence Financial Group, Inc.; and Epoch Realty, LLC (collectively the "defendants"), and its refusal

to grant relief from that order. We conclude that the bankruptcy court abused its discretion when it dismissed the suit pursuant to Fed. R. Bankr.P. 7016(f) on account of Hamilton's short-lived failure to comply with a single, pre-trial order. We further conclude that on remand the bankruptcy court may consider whether to retain jurisdiction over the action or forgo doing so in light of the dismissal of the underlying bankruptcy case. Thus, we vacate and remand.

### Background

During his chapter 13 case, the Debtor obtained approval to sell his interest in a two family home.[1] In the course, he discovered that one of the defendants had obtained a mortgage on the property—a mortgage that he contended neither he nor his co-owner had ever known about or authorized. Thereafter, the Debtor initiated suit against the defendants seeking damages. In his complaint, the Debtor alleged various state law claims and, further, invoked § 105 of the Bankruptcy Code.[2]

When the Debtor died several months after filing suit, Hamilton moved to substitute herself as plaintiff, indicating that, as the Debtor's daughter, she would seek to be appointed his administratrix. The defendants opposed the motion, asserting, *inter alia*, that Hamilton could not appear until her formal appointment as the estate's legal representative. They next moved to dismiss the complaint, contending that Hamilton had not been timely substituted as a party within the limits set by Fed.R.Civ.P. 25(a)(1) (made applicable in bankruptcy adversary proceedings via Fed. R. Bankr.P. 7025).

While the defendants' dismissal motion was pending, the court heard Hamilton's substitution request and ordered her to file evidence of her appointment as administratrix within 30 days. This she failed to do. Four days after the 30–day deadline had expired, and without further hearing, the bankruptcy court dismissed the adversary proceeding pursuant to Fed. R. Bankr.P. 7016(f) for failure to comply with its pretrial order. Hamilton forthwith moved for relief from the dismissal, asserting excusable neglect. Alternatively, she asked that the dismissal be designated as "without prejudice" so that she could pursue the Debtor's claims in another forum.[3]

Within two days of filing her timely motion for relief, Hamilton filed a copy of the state probate court's order appointing her administratrix of the Debtor's estate. Nonetheless, the bankruptcy court refused to reconsider its order of dismissal. This appeal ensued.

Thereafter, the bankruptcy court dismissed the underlying bankruptcy case. Hamilton did not appeal the dismissal. Curiously, in the order dismissing the chapter 13 case, the bankruptcy court observed that Hamilton was "free to pursue any claims of the debtor in state court in

---

**1.** Although the parties did not provide the docket or docket entries from the main case, the Panel may take judicial notice of the proceedings in the bankruptcy court. *Maher v. Hyde*, 272 F.3d 83, 86 n. 3 (1st Cir.2001) (citing *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir.1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.")).

**2.** Unless otherwise indicated, all references to the "Code," the "Bankruptcy Code" or to specific sections are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §§ 101, *et seq.*

**3.** The order dismissing the adversary proceeding, not indicating otherwise, operated as a dismissal "on the merits" pursuant to Fed. R.Civ.P. 41(b) (made applicable in bankruptcy adversary proceedings via Fed. R. Bankr.P. 7041(b)).

light of the dismissal of this [the underlying bankruptcy] case."

## Jurisdiction

■ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Id.* at 646 (citations omitted). An order dismissing an adversary proceeding is a final order as it ends the litigation on the merits of the complaint. *See, e.g., Premier Capital, LLC v. Gavin (In re Gavin)*, 319 B.R. 27, 30 (1st Cir. BAP 2004). An order denying reconsideration is final if the underlying order was final and together they end the litigation on the merits. *See, e.g., Eresian v. Koza (In re Koza)*, 375 B.R. 711, 716 (1st Cir. BAP 2007) (citing cases).

Although the order dismissing the adversary proceeding and the order denying reconsideration are final orders, we are obliged to determine whether the intervening dismissal of the Debtor's bankruptcy case renders this appeal moot. The complaint initiating this adversary proceeding sounds in the state common law of torts. It is, classically, a "related to" proceeding—as opposed to a case "under title 11" or a matter that "arises in" or "arises under" the Bankruptcy Code.[4]

■ The dismissal of a bankruptcy case "normally results in dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings, but this general rule is not without exceptions." *In re Statistical Tabulating Corp., Inc.*, 60 F.3d 1286, 1289–90 (7th Cir.1995) ("In the instant case, the integrity of the appellate process is at serious risk if a bankruptcy court can deprive a district court of jurisdiction over an appeal by simply dismissing the underlying bankruptcy."). An appeal of an order dismissing an adversary proceeding is not rendered moot by dismissal of the underlying bankruptcy case if the issue is ancillary to the bankruptcy and the Panel can fashion some form of relief. *See, e.g., United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 901 (9th Cir.2001); *Industr. Comm'n of Arizona v. Solot (In re Sierra Pac. Broadcasters)*, 185 B.R. 575, 576 n. 3 (9th Cir. BAP 1995).

■ Here, the complaint raises issues ancillary to the bankruptcy case,[5] and we can fashion meaningful relief. Reversal of the dismissal with prejudice would open the way for the lower court to either (1) retain jurisdiction and hear the case, or (2) permit Hamilton to pursue the Debtor's claims elsewhere. *See, e.g., Educ. Credit Mgmt. Corp. v. Bernal (In re Bernal)*, 223 B.R. 542, 546 n. 8 (9th Cir. BAP 1998) ("If the panel were to reverse on the merits, Appellant could possibly file a motion to vacate the default judgment in the bankruptcy court. With this possible avenue of relief still available, the appeal may not be moot."), *aff'd*, 207 F.3d 595 (9th Cir.2000). We conclude it is appropriate to retain jurisdiction over this appeal.

## Standard of Review

■ Case management orders, and orders denying reconsideration of orders,

---

**4.** *See* 11 U.S.C. § 1334; *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n. 6, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); *New England Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.)*, 292 F.3d 61, 68 (1st Cir.2002).

**5.** Its mention of § 105 is incidental to its gravamen.

are reviewed for abuse of discretion. *See Velez v. Awning Windows, Inc.*, 375 F.3d 35, 42 (1st Cir.2004); *Balzotti v. RAD Invs., LLC (In re Shepherds Hill Dev. Co., LLC)*, 316 B.R. 406, 417 (1st Cir. BAP 2004); *see also Bushay v. McDonnell (In re Bushay)*, 327 B.R. 695, 701 (1st Cir. BAP 2005). An "abuse of discretion presents itself 'when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.'" *Id.* (citing *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988)).

## Discussion

Hamilton contends the bankruptcy court abused its discretion when it dismissed the adversary proceeding when she did not file a certificate of appointment, or seek an extension of the deadline, within the 30–day period set by the court. She asserts that the dismissal was error under Fed. R. Bankr.P. 7016(f) because the order setting the deadline did not provide her fair warning of potential dismissal (with prejudice) for noncompliance (or tardy compliance) and because the procedural history of the case did not justify the harsh sanction.

Fed.R.Civ.P. 16(f) (made applicable in adversary proceedings via Fed. R. Bankr.P. 7016(f)) provides:

(f) Sanctions

(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or—

(C) fails to obey a scheduling or other pre-trial order.

Fed.R.Civ.P. 16(f).

 The First Circuit has repeatedly cautioned that violation of a single order may be insufficient to warrant dismissal under the rule. *See, e.g., Benitez–Garcia v. Gonzalez–Vega*, 468 F.3d 1, 5 (1st Cir. 2006); *Bachier–Ortiz v. Colon–Mendoza*, 331 F.3d 193, 195 (1st Cir.2003); *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 38 (1st Cir.2002); *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 6 (1st Cir.2002). In those cases where the First Circuit has affirmed the sanction of dismissal with prejudice for violation of court orders, it has explained that the circumstances of the dismissal must be examined, given the preference that a matter be tried on the merits and the litigants be given ample notice. *Benitez–Garcia*, 468 F.3d at 5; *see also In re Bushay*, 327 B.R. at 704 (concluding that the numerous instances of disregard of court orders warranted affirmance of dismissal). It has offered that a trial court should weigh the following factors when considering whether to dismiss for violation of court orders:

the severity of violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.... There is also a procedural dimension.

*Benitez–Garcia*, 468 F.3d at 5 (citing *Robson v. Hallenbeck*, 81 F.3d 1, 2–3 (1st Cir.1996)).

 In this case, dismissal came close on the heels of Hamilton's failure to file a certificate of appointment as administratrix within the 30 days set by the court order. That default is the only basis for

dismissal appearing in the record. Although the record reflects that Hamilton's excuse for failing to file the certificate may have been due to her misunderstanding of state court processes, the bankruptcy court did not consider excuses. It dismissed the suit without hearing shortly after the 30–day deadline passed. Neither does it appear the court concluded that the defendants were unduly prejudiced by Hamilton's tardy filing of the certificate. Indeed, she was formally appointed administratrix just days after the dismissal entered and, with that done, was fully qualified to prosecute the action.[6]

The failure to apprise Hamilton that missing the 30–day deadline might result in dismissal renders the dismissal order procedurally suspect. Such a lack of warning holds the capacity for working unfairness, particularly in a case such as this where no other factors point toward the propriety of dismissal. Thus, we conclude that the order dismissing the adversary complaint cannot stand.

Given our conclusion that the dismissal order was itself entered in error, we need not go further. There remains no need to address the bankruptcy court's denial of the motion for reconsideration and the defendants' response to it, which implicates application of Fed.R.Civ.P. 25.

### Conclusion

We hereby **VACATE** the order dismissing the adversary proceeding and **RE-** **MAND** the matter to the bankruptcy court for a determination of whether it should retain jurisdiction or dismiss the case without prejudice so that Hamilton may pursue her claims in another forum.[7]

**6.** We do not and need not consider whether Hamilton's actions in filing the substitution motion satisfied the requirements of Fed. R.Civ.P. 25. While the defendants repeatedly cited to the rule in support of dismissal and denial of reconsideration, the bankruptcy court never considered the mechanics of the rule.

**7.** Courts of appeal have routinely affirmed decisions of bankruptcy courts to retain jurisdiction over adversary proceedings after the

bankruptcy case has been dismissed. *Porges v. Gruntal & Co., Inc. (In re Porges)*, 44 F.3d 159, 163 (2d Cir.1995); *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201–1202 (5th Cir.1993); *Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir.1992); *Fidelity & Deposit Co. v. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir.1992); *Smith v. Commercial Banking Corp. (In re Smith)*, 866 F.2d 576, 580 (3d Cir.1989).