In re Benjamim A. MELO and Tanya A. Melo, Debtors.

Benjamim A. Melo and Tanya A. Melo, Plaintiffs–Appellants,

v.

GMAC Mortgage, LLC, Defendant–Appellee.

BAP No. MW 12–086.
Bankruptcy No. 12–42304–MSH.
Adversary No. 12–04083–MSH.

United States Bankruptcy Appellate Panel of the First Circuit.

Aug. 13, 2013.

Benjamim A. Melo and Tanya A. Melo, pro se, on brief for Plaintiffs–Appellants.

Amy N. Azza, Esq., on brief, Waltham, MA, for Defendant–Appellee.

Before HAINES, DEASY, and GODOY, United States Bankruptcy Appellate Panel Judges.

PER CURIAM.

Benjamim A. Melo and Tanya A. Melo appeal from the bankruptcy court order granting summary judgment in favor of GMAC Mortgage, LLC ("GMAC") on both counts of the Melos' adversary complaint alleging that GMAC breached its obligation to modify the terms of their loan and to forbear from foreclosing. For the reasons set forth below, we **DISMISS** this appeal as **MOOT.**

### BACKGROUND

In February 2006, Benjamim A. Melo executed a note in favor of Mortgage Workout Inc., d/b/a Eastpointe Mortgage. To secure the note, the Melos granted a first mortgage on their residence to Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Workout Inc., d/b/a Eastpointe Mortgage. The note and mortgage were subsequently assigned to GMAC.

In April 2010, the Melos entered into a permanent loan modification agreement with GMAC, whereby the interest rate on the note was reduced from 6.75 percent to 2.0 percent. The Melos soon defaulted under the terms of that agreement and have not made a payment since October 1, 2010.

In August 2011, the Melos filed a voluntary petition for chapter 7 relief. Two weeks later, GMAC sought and obtained relief from stay. The Melos appealed, but after receiving their discharge in November 2011, they voluntarily dismissed their appeal in consideration for GMAC's agreement to obtain an order that vacated the grant of stay relief.[1]

After their chapter 7 case was closed, the Melos made several requests for a loan modification. GMAC denied each request. Eventually, GMAC commenced foreclosure proceedings.

The Melos then filed for chapter 13 relief and filed a two-count adversary complaint, pro se, alleging that GMAC breached an agreement to forbear and that GMAC breached the covenant of good faith and fair dealing by commencing foreclosure. They sought to permanently enjoin GMAC's foreclosure efforts.

GMAC answered and moved for summary judgment, asserting, inter alia: (1) it had considered the Melos' three loan modification requests prior to proceeding to foreclosure; (2) a mortgagee has no duty to consider a borrower for a loan modification, even under the federal government's Home Affordable Modification Program ("HAMP"); and (3) even if GMAC did have an obligation to consider the Melos for a loan modification, borrowers do not have a right to bring a private action under HAMP.

In response, the Melos argued that GMAC's motion should be denied because their loan modification efforts remained ongoing. The court entered an order granting summary judgment to GMAC, specifically ruling as follows:

> There are no material facts in dispute in this matter. Based on the affidavits

---

1. We have no reason today to consider the need for, or effect of, the order vacating stay relief. *Cf.* 11 U.S.C. § 109(g)(2).

submitted in support of and in opposition to defendant's motion for summary judgment, the matters of record in the main chapter 13 case of the debtor/plaintiffs and their prior now-closed chapter 7 case, I find (i) that in exchange for plaintiffs' agreeing to dismiss their appeal, defendant agreed to withdraw a pending motion for relief from stay, obtain the vacating of an order granting it relief from stay and *consider* plaintiffs' request for a HAMP loan modification, (ii) that in fact in March 2010 defendant approved plaintiffs for a loan modification but plaintiffs defaulted thereunder in October 2010, (iii) that defendant considered plaintiffs for a series of subsequent loan modifications but rejected plaintiffs each time because their existing loan modification already represented the best deal plaintiffs were eligible to receive and (iv) that now defendant has approved plaintiffs for a further loan modification as of November 2012 although as of today plaintiffs have failed to make the first trial plan payment due thereunder. Finally, I find that defendant was within its rights to commence foreclosure of its mortgage as plaintiffs were in default of their commitments under the 2010 loan modification. The repeated futile filings by plaintiffs of application after application seeking a further modification which were all rejected because plaintiffs were not eligible for a modification with better terms

than they already had, did not impose on defendant any contractual obligation to refrain from foreclosing.

For the foregoing reasons, defendant's motion for summary judgment as to both counts of the complaint is ALLOWED.

(emphasis in original).

This appeal ensued. On appeal, the parties essentially reiterate the arguments which they presented below.[2] The bankruptcy court, however, has subsequently entered an order dismissing the underlying bankruptcy case.

### JURISDICTION

■■■ A bankruptcy appellate panel is " 'duty-bound' " to determine its jurisdiction before proceeding to the merits, even if not raised by the litigants. *Boylan v. George E. Bumpus, Jr. Constr. Co., Inc. (In re George E. Bumpus, Jr. Constr. Co., Inc.)*, 226 B.R. 724, 725–26 (1st Cir. BAP 1998) (quoting *Fleet Data Processing Corp v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998)). A panel may hear appeals from "final judgments, orders, and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *In re Bank of New England Corp.*, 218 B.R. at 645. Here, the order granting summary judgment is final

---

2. The parties did not raise the issue of the bankruptcy court's authority to enter a final judgment on the Melos' state law claims in the wake of *Stern v. Marshall*, —— U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). In fact, in response to questioning by the Panel during oral argument, GMAC expressly waived the issue. With respect to the Melos, we are inclined "to consider the filing of an appeal to the Panel as manifesting acknowledgment that the bankruptcy court permissibly lodged a final judgment, if by no other way than via [their] consent." *DeGiacomo v.*

*Traverse (In re Traverse)*, 485 B.R. 815, 818 (1st Cir. BAP 2013) (citing *Stern v. Marshall*, 131 S.Ct. at 2607–08; *Pearson Educ., Inc. v. Almgren*, 685 F.3d 691, 694 (8th Cir.2012); *Howison v. Milo Enters., Inc.*, No. 2:11–mc–204–JAW, 2012 WL 1854309 (D.Me. May 21, 2012)); *see also Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553 (9th Cir.2012) (holding that by its silence, appellant impliedly consented to bankruptcy judge's authority to enter final judgment), *cert. granted*, —— U.S. ——, 133 S.Ct. 2880, —— L.Ed.2d —— (2013).

because it disposed of both counts of the Melos' complaint. *See Frykberg v. JPMorgan Chase Bank (In re Frykberg),* 490 B.R. 652, 656 (1st Cir. BAP 2013) (citation omitted). Our jurisdiction, however, does not rest on finality alone, as mootness will deprive us of jurisdiction to review a final order. *See GE Capital Franchise Fin. Corp. v. Richardson (In re Newport Creamery, Inc.),* 295 B.R. 408, 417 (1st Cir. BAP 2003). We are, therefore, obliged to determine whether the intervening dismissal of the Melos' bankruptcy case renders this appeal moot.

■■■ "The dismissal of a bankruptcy case 'normally results in dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings.'" *Hamilton v. Appolon (In re Hamilton),* 399 B.R. 717, 720 (1st Cir. BAP 2009) (quoting *In re Statistical Tabulating Corp., Inc.,* 60 F.3d 1286, 1289–90 (7th Cir.1995)). This general rule is not without exceptions, however. *Id.* (quoting *In re Statistical Tabulating Corp., Inc.,* 60 F.3d at 1289–90). "[T]he determination of whether a case becomes moot on the dismissal of the bankruptcy hinges on the question of how closely the issue in the case is connected to the underlying bankruptcy." *United States v. Pattullo (In re Pattullo),* 271 F.3d 898, 901 (9th Cir.2001) (internal quotations and citation omitted). "When the issue being litigated directly involves the debtor's reorganization, the case is mooted by the dismissal of the bankruptcy." *Id.* (internal quotations and citation omitted). "An appeal of an order dismissing an adversary proceeding is not rendered moot by dismissal of the underlying bankruptcy case if the issue is ancillary to the bankruptcy and the Panel can fashion some form of relief." *In re Hamilton,* 399 B.R. at 720.

■■ Upon the dismissal of the Melos' chapter 13 bankruptcy case, the goal—or even the possibility—of a successful reorganization ceased to exist. Indeed, the very purpose of the adversary proceeding was to facilitate reorganization. In the absence of a chapter 13 case and the prospect of such reorganization, it no longer serves any purpose to determine whether the bankruptcy court properly entered summary judgment. Moreover, during oral argument, GMAC conceded that the effect of the adversary proceeding was limited to the Melos' chapter 13 reorganization efforts and that the judgment of the bankruptcy court would have no preclusive effect in any subsequent state court proceedings. Thus, the adversary proceeding was directly related to the underlying bankruptcy under the standard articulated in *Pattullo, supra,* and this appeal is mooted by the dismissal of the Melos' bankruptcy.

### CONCLUSION

For the foregoing reasons, this appeal is hereby **DISMISSED** as **MOOT**.